Filed 4/4/13  In re R.J. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.J., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E056285 |
| Plaintiff and Respondent, | (Super.Ct.No. J230209) |
| v. | OPINION |
| R.J., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher B. Marshall, Judge.  Appeal dismissed.

Mitchell Keiter, under appointment by the Court of Appeal, for Defendant and Appellant.

Jean-Rene Basle, County Counsel, and Jeffrey L. Bryson, Deputy County Counsel, for Plaintiff and Respondent.

1

# I. INTRODUCTION

R.J. (father) appeals from an order of the juvenile court denying his petition under Welfare and Institutions Code[1] section 388. However, after the order appealed from, the juvenile court terminated father's parental rights, and father failed to appeal from the termination order, which has become final. Accordingly, there is no effective relief that we could grant father on his appeal from the section 388 order. Because father's appeal is moot, we will dismiss it.

# II. FACTS AND PROCEDURAL BACKGROUND

Because we dismiss the appeal on procedural grounds, we will set forth the facts summarily.

San Bernardino County Children and Family Services (CFS) filed a petition in December 2009 under section 300 as to Ro.J. (born in 2003) and his two half siblings, who are not subjects of this appeal, alleging as to father that he failed to protect Ro. from the mother's neglect (§ 300, subd. (b).) The court found a prima facie case and detained Ro. An amended petition was filed, alleging father's ability to care for Ro. was unknown (§ 300, subd. (g)) and Ro. was at risk because a sibling was removed from the home for failure to thrive (§ 300, subd. (j).) Father was granted reunification services, although he did not complete his services, and he visited Ro. regularly until he was arrested in April 2010 and incarcerated.

---

[1] All further statutory references are to the Welfare and Institutions Code.

Father's reunification services were terminated. Father was released from custody in May 2011 and again began visiting Ro. The matter was set for a section 366.26 hearing; however, the hearing was continued several times.

On April 30, 2012, father filed a section 388 petition requesting reinstatement of reunification services. He alleged he was participating in weekly substance abuse and domestic violence programs, and his drug tests were negative. The juvenile court denied the petition without holding a hearing. Father filed a notice of appeal from the order denying the petition.

The section 366.26 hearing took place on May 14, 2012, at which the juvenile court found Ro. adoptable, rejected father's argument that the parental bond exception to adoption existed, and terminated parental rights. Father did not file a notice of appeal from the termination order, which accordingly became final in July 2012. (Cal. Rules of Court, rule 8.406(a)(1).)

### III. DISCUSSION

In *In re Jessica K.* (2000) 79 Cal.App.4th 1313, as in this case, a parent filed a notice of appeal from an order summarily denying a section 388 petition but failed to appeal from the later order terminating parental rights. (*In re Jessica K.*, *supra*, at p. 1316.) The court observed that "[a]n order of the dependency court terminating parental rights may be modified only by timely direct appeal from the order," and held that "[t]he failure to file a timely notice of appeal from the termination of parental rights order deprive[d it] of appellate jurisdiction to modify that order. Accordingly, the parental rights termination order may not be vacated. No effective relief may be afforded mother

3

even were we to find her appeal of the denial of the section 388 petition meritorious.

Thus, the appeal is moot." (*In re Jessica K.*, *supra*, at pp. 1316-1317.)

Here, likewise, father's appeal is moot because no effective relief is available.

## IV.  DISPOSITION

The appeal is dismissed as moot.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


<u>          HOLLENHORST          </u>
Acting P. J.

We concur:

<u>          RICHLI          </u>
J.

<u>          CODRINGTON          </u>
J.

4